## QUALIFICATION OF JUROR.

Circuit Court of Cuyahoga County.

WILLIAM H. MILLER, TRUSTEE, v. LOUIS SANDS ET AL.

Decided, October 28, 1912.

*Trial—Juror's Qualification Determined as at Date of Trial—Evidence —Partnership Books Admissible in Suit Against One Partner, When.*

1. A new trial will not be granted because one of the jurors may have been disqualified to act at the time he was summoned, if it does not affirmatively appear that he was disqualified at the date of the trial.

2. The account books of a partnership are admissible in evidence in a suit against one of the individuals constituting the partnership, where it appears that the partnership has been dissolved and that the defendant had taken over all the assets and assumed all the liabilities of the partnership.

*P. P. & G. A. Groot,* for plaintiff.
*W. D. McTighe* and *B. J. Sawyer,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

This action was brought by the plaintiff in error, who was plaintiff in the court of common pleas, to recover of the defendants there, compensation and expenses for acting as trustee under a chattel mortgage or deed of trust executed by the Riggi Candy Co. The mortgage given by the company to the plaintiff in error, as trustee, provided that the trustee should be entitled to reasonable compensation and all necessary and reasonable expense, to be paid by the mortgagor or out of the trust estate.

The petition does not, by positive averments, charge any agreement of the part of the defendants to become liable for the fees and expenses sought to be recovered, but the case was tried on the theory that the making of such an agreement was sufficiently averred in the petition.

The action was dismissed as to the defendant, the Union National Bank. All the other defendants, except C. S. Horner, defended on the ground that the services performed by the plaintiff

as trustee under the mortgage were rendered as the result of an agreement between him and Horner alone, and that the latter, who was alleged to have been the attorney for the Riggi Candy Co., had been paid in full for all his services and the services of the plaintiff in connection with said mortgage.

The defendant, C. S. Horner, in his answer alleged in substance that the plaintiff, in acting as trustee, acted at the request of the said defendant and no one else, under an arrangement whereby an equal division of the fees and charges was to be made between plaintiff and the said Horner; that the sum of $900 was paid by the Riggi Candy Co. to the aforesaid defendant as full compensation for all work done by both himself and plaintiff; that the plaintiff, being indebted to said defendant in the sum of $950, said defendant retained the half of said $900 due the plaintiff as his share of the fee paid by the Riggi Candy Co., and applied it on the account due said defendant from the plaintiff.

The verdict was for the defendants, and the plaintiff in error prosecutes error to reverse the judgment entered thereon.

The first ground on which the plaintiff in error bases his claim for a reversal is that the court erred in overruling his motion for a new trial on the ground that one of the jurors was disqualified because of insanity.

The views of the court on this subject were expressed on the hearing, and no reason has been found for adopting any different views than were then indicated. There can be no dispute with the proposition of law laid down in *Watts* v. *Ruth,* 20 O. S., 31, and found also in other decisions, that jurors must have the qualifications of electors. But in this case there was no satisfactory proof offered in support of the motion for a new trial that the juror complained of did not at the time of the trial possess the necessary qualifications to act as a juror. Even though he might have been disqualified when his name was originally selected, yet if he possesses the necessary qualifications, at the time he served as a juror, the verdict would not be invalidated.

A similar question was presented in *Toledo Consolidated Street Railroad Co.* v. *Toledo Electric Street Railroad Co.,* 12 C. C., 367. The syllabus of that case reads as follows:

"Where a juror is summoned and another party appears and answers to his name under a misapprehension, and is sworn and serves as a juror, it will not invalidate the verdict, if the party serving would be a legal juror when properly summoned and none of the parties to the case knew of the substitution until after the verdict."

The second ground of error is based upon the admission of testimony given by the defendant, C. S. Horner, as to the indebtedness of the plaintiff to said defendant.

A book constituting the record of the law firm of Hile & Horner, of which the defendant Horner had been a member, was produced and by reference to this book said defendant testified to various items of charges against the plaintiff, and to a credit of $450 thereon. This evidence was offered in support of the averment in the defendant Horner's answer, that $450 due the plaintiff on account of the fee received from the Riggi Candy Company had been retained by said defendant and credited on an indebtedness from the plaintiff to him, greater in amount than this sum.

The objection urged against this testimony is that it permitted an indebtedness due from the plaintiff to the firm of Hile & Horner to be utilized as a set-off by Horner alone to defeat a claim asserted against him individually.

We think the answer to this objection is found in that portion of the testimony of Mr. Horner in which he states that at the time of the dissolution of the firm of Hile & Horner, he assumed the liabilities and took over the assets of the firm. There was evidence, therefore, before the jury that the defendant Horner was the sole owner of the indebtedness shown by the books of Hile & Horner to be due from the plaintiff. In this view of the case, the testimony to which objection was made was competent for the purpose of showing that the claim asserted by the plaintiff against the defendant had in fact been paid by the giving of credit therefor on an account against the plaintiff owned by said defendant.

The language of the petition in error indicates that a claim of error is made because of the fact that the defendant Horner was permitted to refer to and read from the account book of

Hile & Horner referred to, although it was not offered in evidence. The witness, however, testified that he, himself, made the entry in the book. This being so, it was proper for him to refer to the entries for the purpose of refreshing his recollection as to the transactions there indicated.

No error prejudicial to the plaintiff was committed by the trial court, and the judgment is affirmed.